IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR BRENNAN MALLOY, <br> AIS, #101329, <br><br> Petitioner, <br><br> v. <br><br> DAVID WISE, et al., <br><br> Respondents. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:09-CV-964-TMH <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Arthur Brennan Malloy ["Malloy"], a state inmate, on October 14, 2009. In this petition, Malloy challenges the failure of the Alabama Board of Pardons and Paroles to grant him a pardon upon his November 12, 2008 pardon application. Specifically, Malloy argues he is entitled to a pardon first because he has a liberty interest and second because the denial of a pardon is violative of his equal protection rights because a white individual received a pardon while he, a black inmate, has been denied a pardon.

The respondents filed an answer and supplements in which they argue the petitioner is entitled to no relief on his claims. The respondents further argue that Malloy has failed to exhaust state remedies with respect to his claims challenging the parole board's failure to properly consider his 2008 application for a pardon. *Respondents' Amended Answer - Court Doc. No. 30* at 2-4. In support of this argument, the respondents contend that Malloy may

present his claims to the state courts in a petition for writ of certiorari filed with the Circuit Court of Montgomery County, Alabama. *Sellers v. State*, 586 So.2d 994, 995 (Ala.Crim.App. 1991) (Because there is "no statutory right to appeal or other adequate remedy at law for reviewing the actions of the" Alabama Board of Pardons and Paroles with respect to the granting or denying of pardons, a petition for writ of "certiorari [in the proper state circuit court] is the appropriate remedy for review of such actions."); *Ellard v. State*, 474 So.2d 743, 748 (Ala.Cr.App. 1984), aff'd, 474 So.2d 758 (Ala. 1985) (petition for writ of certiorari to state circuit court is appropriate remedy to review inmate's challenge to adverse action by parole board). The respondents argue that under applicable state law a petition for writ of certiorari to the Circuit Court of Montgomery County, Alabama is the only appropriate state court remedy in which Malloy can challenge an action of the parole board. *Respondents' January 25, 2010 Supplemental Answer - Court Doc. No. 30* at 2-3 (emphasis added) ("Petitioner must challenge the action of [the Alabama Board of Pardons and Paroles] ... ***by petition for writ of certiorari at the trial court level***.... Petitioner's [prior] action in filing a petition for writ of mandamus is not the appropriate ... state remedy.... Petitioner has failed to exhaust the [available and appropriate] state remedy of filing a petition for writ of certiorari in Montgomery County Circuit Court.").

Upon review of the respondents' answers, the court entered orders affording Malloy an opportunity to demonstrate why this petition should not be dismissed for his failure to exhaust available state remedies. *Order of January 26, 2010 - Court Doc. No. 31*; *Order of January 5, 2010 - Court Doc. No. 27*. In his responses to these orders, Malloy argues he

exhausted his state court remedies by filing a petition for writ of mandamus with the Alabama Court of Criminal Appeals. This argument is without merit because a writ of mandamus is not an available state court remedy regarding challenges to adverse actions of the Alabama Board of Pardons and Paroles. Malloy also asserts that the respondents' argument is misplaced because Rule 39 of the Alabama Rules of Appellate Procedure does not allow filing a petition for writ of certiorari in the Alabama Supreme Court to challenge actions of the Alabama Board of Pardons and Paroles. This argument is likewise misplaced as the remedy afforded by state law is the filing of a petition for writ of certiorari in the appropriate state circuit court, not in the Alabama Supreme Court.

## II. DISCUSSION

Under applicable federal law, a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case and the requisite directives of Alabama law, it is clear that the petitioner has not yet exhausted his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief as he may present these claims to the Circuit Court of Montgomery County, Alabama in a petition for writ of certiorari. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that he exhaust the appropriate state remedy available to him. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of any state court

proceeding Malloy may file as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that the petitioner can pursue his available state court remedies.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all state court remedies available to him. It is further

ORDERED that on or before March 19, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of March, 2010.

                                            /s/Charles S. Coody
                                   CHARLES S. COODY
                                   UNITED STATES MAGISTRATE JUDGE