IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ARTHUR BRENNAN MALLOY, #101329, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) CASE NO. 2:09-CV-964-TMH ) |
| DAVID WISE, et al., | ) ) |
| Respondents. | ) |

**MEMORANDUM OPINION AND ORDER**

This 28 U.S.C. § 2254 habeas action was filed by Arthur Brennan Malloy ["Malloy"], a state inmate, on October 14, 2009. In his habeas petition, Malloy challenged the failure of the Alabama Board of Pardons and Paroles to grant him a pardon upon his November 12, 2008 application for such action. Under applicable federal law, a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...." 28 U.S.C. § 2254(1)(b)(1)(A). In light of the foregoing requirement, the court on March 18, 2010 dismissed Malloy's habeas petition because he had failed to exhaust state remedies by filing a petition for writ of certiorari in the appropriate state

circuit court.  Malloy seeks relief from that judgment.[1]

According to Malloy's FED. R. CIV. P. 59(a) motion filed on December 13, 2011 (Court Doc. No. 45), the petition for writ of certiorari he filed with the Circuit Court of Montgomery County, Alabama challenging the denial of a pardon, the appropriate manner in which to attack action by the Alabama Board of Pardons and Paroles, was improperly construed by the that court as a petition for post-conviction relief under ALA. R. CIV. P. 32.  Malloy's attempts to challenge this action have been unsuccessful.  Thus, Malloy now claims he has exhausted his available state court remedies and this court should therefore reinstate his habeas petition.  Malloy, however, continues to neglect the relevant fact which is ascertainable from his own submissions - the original state petition challenging the denial of a pardon remains pending on its merits in the state courts.  Thus, Malloy has not satisfied the exhaustion requirement.  In addition, Malloy fails to present any grounds which justify relief from the challenged judgment.  Specifically, upon exhaustion of state remedies, the appropriate remedy for presentation of claims to this court is the filing of a new petition for habeas corpus relief.  Finally, Malloy's reliance on FED. R. CIV. P. 59 for relief from the judgment entered by this court on March 18, 2010 is not timely filed.  FED. R. CIV. P. 59(e) ("A motion to alter or amend judgment must be

---

[1] This is the second attempt by Malloy to have this court vacate its prior judgment.

filed no later than 28 days after the entry of judgment.").  Accordingly, it is

ORDERED that the motion to vacate judgment filed by Malloy on December 13, 2011 (Court Doc. No. 45) be and is hereby DENIED.

Done this 20th day of December, 2011.

      /s/   Truman M. Hobbs
TRUMAN M. HOBBS
SENIOR UNITED STATES DISTRICT JUDGE